**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State v. Beverly,* **Slip Opinion No. 2015-Ohio-219.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-219

THE STATE OF OHIO, APPELLANT, *v.* BEVERLY, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State v. Beverly,* **Slip Opinion No. 2015-Ohio-219.]**

*Criminal law—Engaging in pattern of corrupt activity—R.C. 2923.32(A)(1)—*
*Existence of enterprise may be established without proving that enterprise*
*is structure separate and distinct from pattern of corrupt activity.*

(No. 2013-0827—Submitted August 19, 2014—Decided January 27, 2015.)

APPEAL from the Court of Appeals for Clark County,

No. 2011 CA 64, 2013-Ohio-1365.

_____

SYLLABUS OF THE COURT

The existence of an enterprise, sufficient to sustain a conviction for engaging in a pattern of corrupt activity under R.C. 2923.32(A)(1), can be established without proving that the enterprise is a structure separate and distinct from a pattern of corrupt activity.

_____

**PFEIFER, J.**

## BACKGROUND

**{¶ 1}** In August 2011, defendant-appellee, Jordan Beverly, was convicted of various counts of receiving stolen property, burglary, and other felonies. These convictions are not at issue in this case. Beverly was also found guilty of engaging in a pattern of corrupt activity. R.C. 2923.32(A)(1). The pattern involved Beverly and Brandon Imber stealing or receiving stolen vehicles outside of Clark County. Beverly and Imber would then return to Clark County in the stolen vehicle and begin knocking on doors of private homes. If somebody opened the door, they would invent some excuse for knocking, by, for instance, claiming to work for a tree service. If nobody answered the door, they would break in and steal valuables, primarily electronics, jewelry, and guns.

**{¶ 2}** On appeal, the conviction for engaging in a pattern of corrupt activity was reversed. The court of appeals concluded that "there is no evidence in the record that Beverly and Imber were involved in any type of ongoing organization, functioning as a continuing unit, with a structure separate and apart from the pattern of corrupt activity." 2013-Ohio-1365, ¶ 30. We accepted the state's discretionary appeal. 137 Ohio St.3d 1414, 2013-Ohio-5096, 998 N.E.2d 512 (on reconsideration).

## ANALYSIS

### A. RICO and proving "enterprise" in Ohio

**{¶ 3}** The federal Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. 1961 et seq., was the general model for Ohio's own corrupt-activity statute. *State v. Schlosser,* 79 Ohio St.3d 329, 332, 681 N.E.2d 911 (1997). Ohio's RICO statute, R.C. 2923.32(A)(1), provides: "No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt

activity or the collection of an unlawful debt." "Enterprise" is defined as including

> any individual, sole proprietorship, partnership, limited partnership, corporation, trust, union, government agency, or other legal entity, or any organization, association, or group of persons associated in fact although not a legal entity. "Enterprise" includes illicit as well as licit enterprises.

R.C. 2923.31(C).

{¶ 4} The state's sole proposition of law states:

> In order to prove the existence of an "enterprise" to sustain a conviction for engaging in a pattern of corrupt activity in violation of R.C. 2923.32, the State is not required to prove that the organization is a structure separate and distinct from the pattern of activity in which it engages.

{¶ 5} As we have stated,

> A RICO offense is dependent upon a defendant committing two or more predicate offenses listed in R.C. 2923.31(I). However, a RICO offense also requires a defendant to be "employed by, or associated with" an "enterprise" and to "conduct or participate in" an "enterprise through a pattern of corrupt activity." R.C. 2923.32(A)(1). "Such pattern must include both a relationship and continuous activity, as well as proof of the existence of an enterprise. Thus, the conduct required to commit a RICO violation

is independent of the conduct required to commit [the underlying predicate offenses]." (Emphasis added.) *State v. Dudas,* 11th Dist. Lake Nos. 2008-L-109 and 2008-L-110, 2009-Ohio-1001, ¶ 46. * * * The intent of RICO is " 'to criminalize the pattern of criminal activity, not the underlying predicate acts.' " *State v. Thomas*, 3d Dist. Allen Nos. 1-11-25 and 1-11-26, 2012-Ohio-5577, ¶ 61, quoting *State v. Dodson*, 12th Dist. Butler No. 2009-07-1147, 2011-Ohio-6222, ¶ 68.

*State v. Miranda*, 138 Ohio St.3d 184, 2014-Ohio-451, 5 N.E.3d 603, ¶ 13.

**{¶ 6}** In *Miranda*, we held that "a RICO offense does not merge with its predicate offenses for purposes of sentencing." *Id.* at ¶ 3. Today, we conclude, in essence, that a "pattern of corrupt activity" does not merge with the concept of "enterprise."

**{¶ 7}** There is no question that a RICO conviction depends on the state being able to "prove both the existence of an 'enterprise' and the connected 'pattern of racketeering activity.' " *United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981). *See Miranda* at ¶ 13. The question in this case is whether the same evidence can be used to prove both the existence of an enterprise and the associated pattern of corrupt activity. We conclude that it can and, therefore, also conclude that the state is not required to prove that the defendants were associated with an organization having an existence as an entity or structure separate and distinct from the pattern of activity in which it engages.

**{¶ 8}** Nothing in R.C. Chapter 2923 implicitly or explicitly states that an enterprise and a pattern of corrupt activity must be proven with separate evidence. The definition of "enterprise" is remarkably open-ended. It includes "any individual, sole proprietorship, partnership, limited partnership, corporation, trust, union, government agency, or other legal entity, or any organization, association,

or group of persons associated in fact although not a legal entity." R.C. 2923.31(C). *See Boyle v. United States*, 556 U.S. 938, 944, 129 S.Ct. 2237, 173 L.Ed.2d 1265 (2009) (similar enumeration in 18 U.S.C. 1961(4) of what constitutes an enterprise is "obviously broad").

{¶ 9} The statutory scheme does not indicate how the existence of an enterprise is to be proved, though various decisions of Ohio courts (*Miranda* and cases cited therein; *State v. Welch*, 3d Dist. Wyandot No. 16-06-02, 2006-Ohio-6684), and the United States Supreme Court have provided insight. It is easy to prove the existence of certain enterprises, especially those with licit purposes: there is a document memorializing the creation of a partnership or corporation, etc. But here and in most cases involving a RICO-type conviction, the existence of an enterprise is more difficult to establish because the enterprise is entirely an "association in fact," i.e., a de facto enterprise. *Turkette,* 452 U.S. at 583, 101 S.Ct. 2524, 69 L.Ed.2d 246. An association-in-fact enterprise has been defined as "a group of persons associated together for a common purpose of engaging in a course of conduct." *Id. See Boyle* at 948 ("an association-in-fact enterprise is simply a continuing unit that functions with a common purpose).

{¶ 10} The Supreme Court stated that "the existence of an enterprise is an element distinct from the pattern of racketeering activity and 'proof of one does not necessarily establish the other." *Boyle* at 947, quoting *Turkette* at 583. *See Miranda*, 138 Ohio St.3d 184, 2014-Ohio-451, 5 N.E.3d 603, ¶ 13. We agree with this conclusion, that proof of one essential element does not "necessarily" prove another. But we emphasize that, logically, evidence that proves one of the elements can sometimes prove the other, even though it doesn't necessarily do so. The court in *Boyle* accentuated this point when it stated that "the evidence used to prove the pattern of racketeering activity and the evidence establishing an enterprise 'may in particular cases coalesce.' " *Id*., quoting *Turkette* at 583. In so stating, the court expressly rejected the notion that "the existence of an enterprise

may never be inferred from the evidence showing that persons associated with the enterprise engaged in a pattern of racketeering activity * * *." *Id.*

{¶ 11} The court in *Boyle* concluded that the following jury instruction was not error: "the existence of an association-in-fact is oftentimes more readily proven by what it does, rather than by abstract analysis of its structure." *Boyle*, 556 U.S. at 951, 129 S.Ct. 2237, 173 L.Ed.2d 1265. The penultimate sentence of the *Boyle* opinion essentially answered the question before us when it stated that "proof of a pattern of racketeering activity may be sufficient in a particular case to permit a jury to infer the existence of an association-in-fact enterprise." *Id.*

{¶ 12} At least one court of appeals in Ohio has wrangled with the issue before us, resolved the case consistent with our decision today, and done so without reference to *Turkette* or *Boyle*. *Welch*, 2006-Ohio-6684. The court in that case reviewed the evidence under a sufficiency standard and concluded that "any reasonable trier-of-fact could have found that Welch was operating as part of an enterprise." *Id.* at ¶ 28. In the very next sentence, the court stated, "The same evidence cited above also supports the 'pattern of corrupt activity' element." *Id.* at ¶ 29.

{¶ 13} We hold that the existence of an enterprise, sufficient to sustain a conviction for engaging in a pattern of corrupt activity under R.C. 2923.32(A)(1), can be established without proving that the enterprise is a structure separate and distinct from a pattern of corrupt activity.

{¶ 14} We emphasize that we reach our conclusion after analyzing the statutory scheme and applying it to the question before us. We have relied on *Turkette* and *Boyle* for guidance, not because they are the law of the land (they are not in Ohio, R.C. 2923.31 and 2923.32 are), but because the reasoning applied by the Supreme Court is logical and apt. *See Michigan v. Long*, 463 U.S. 1032, 1044, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983) (United States Supreme Court will not review state cases that rely "on an adequate and independent state ground").

**{¶ 15}** The court of appeals concluded that "Beverly's conviction for Engaging in a Pattern of Corrupt Activity is not supported by sufficient evidence." 2013-Ohio-1365, ¶ 31. We disagree. The standard when testing the sufficiency of the evidence " 'is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " *State v. McKnight*, 107 Ohio St.3d 101, 2005-Ohio-6046, 837 N.E.2d 315, ¶ 70, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

**{¶ 16}** The record is replete with examples of Beverly and Imber associating together for a common purpose of engaging in a course of conduct. Beverly and Imber drove (and perhaps stole) an Ohio Department of Transportation truck and used it to steal an expensive stump grinder. They used a stolen Chevrolet Caprice in the course of an attempted burglary. And most notoriously, for purposes of this case, they used a stolen truck to commit several burglaries on January 28, 2011. It is clear to us that the record provides ample support for a rational trier of fact to conclude that Beverly and Imber constituted an association-in-fact enterprise and that they engaged in a pattern of corrupt activity. Indeed, we cannot imagine a trier of fact concluding otherwise.

### B. Manifest Weight of the Evidence

**{¶ 17}** The court of appeals determined that Beverly's argument that his conviction was against the manifest weight of the evidence was moot. The argument is no longer moot, but we summarily reject it sua sponte. When testing manifest weight, the court " ' "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." ' " *McKnight* at ¶ 71, quoting *State v.*

*Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983). Having reviewed the record in this case, we can only conclude that no miscarriage of justice occurred.

## C. Jury Instructions

**{¶ 18}** The court of appeals also concluded that the trial court improperly instructed the jury regarding the "enterprise" element of engaging in a pattern of corrupt activity. The appellate court did not have the benefit of our recent decision in *State v. Griffin*, ___ Ohio St.3d ___, 2014-Ohio-4767, ___ N.E.3d ___. We, sua sponte, on the authority of *Griffin*, reject the argument that the jury instructions were improper.

**{¶ 19}** The jury instructions in this case comprise 50 pages of transcript. The portion that discusses count one, engaging in a pattern of corrupt activity, comprises just over two pages. That instruction reads:

> Count One, the defendant is charged with engaging in a pattern of corrupt activity in Count One of the indictment.
>
> Before you can find the defendant guilty of this offense, you must find beyond a reasonable doubt that between November 1st 2010, and January 28, 2011, at Clark and Madison Counties and Clermont County he did while employed by or associated with any enterprise conduct or participate in, either directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity.
>
> Enterprise includes any individual, sole proprietorship, partnership, limited partnership, corporation, trust, union, government agency or other legal entity or any organization, association or group of persons associated, in fact, although not a legal entity. Enterprise includes illicit as well as licit enterprises.

Conduct means to direct. Participate means to take part in and is not limited to those who have directed the pattern of corrupt activity. It encompasses those who have performed activities necessary or helpful to the operation of the enterprise whether directly or indirectly without an element of control.

Pattern of corrupt activity means two or more incidents of corrupt activity. Whether or not there has been a prior conviction that are related [sic] to the affairs of the same enterprise, are not isolated and are not so closely related to each other and connected in time and place that they constitute a single event.

Corrupt activity means engaging in, attempting to engage in, or soliciting, coercing or intimidating another person to engage in any of the following:

Conduct constituting a violation of burglary under the Ohio Revised Code Section 2911.12. Or conduct constituting a violation of receiving stolen property under Ohio Revised Code Section 2913.51, that is a felony of the first, second, third or fourth degree.

If the property involved in the receiving stolen property offense is a motor vehicle or a firearm, receiving stolen property is a felony of the fourth degree.

Motor vehicle and firearm will be defined for you below under Counts Two and Six respectively.

If you find that the State proved beyond a reasonable doubt all the essential elements of engaging in a pattern of corrupt activity, your verdict must be guilty.

> If you find that the State failed to prove beyond a reasonable doubt any one of the essential elements of engaging in a pattern of corrupt activity, your verdict must be not guilty.
>
> If your verdict is guilty, you will then go on to separately determine beyond a reasonable doubt whether or not at least one of the incidents of corrupt activity is a felony of the first, second or third degree.

**{¶ 20}** As was true in the instruction reviewed in *Griffin*, the definitions of "enterprise" and "pattern of corrupt activity" are quoted from R.C. 2923.31. The essence of the jury charge appears early in the instructions when the court stated that the state must prove beyond a reasonable doubt that Beverly, "while employed by or associated with any enterprise conduct[ed] or participate[d] in, either directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity."

**{¶ 21}** Again, as in *Griffin*, the instructions in this case could have been differently, perhaps even better, stated. Nevertheless, it is clear in reviewing the instructions in this case that they are substantially similar to the instructions that we approved in *Griffin*. Accordingly, we summarily reverse the lower court's judgment that the jury instructions were insufficient as a matter of law.

## CONCLUSION

**{¶ 22}** We reverse the judgment of the court of appeals and remand for resentencing.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and O'DONNELL and KENNEDY, JJ., concur.

FRENCH, J., concurs in judgment only.

LANZINGER and O'NEILL, JJ., dissent.

_____

**LANZINGER, J., dissenting.**

{¶ 23} I would affirm the judgment of the Second District Court of Appeals. I do not quarrel with the syllabus as it is stated, but I respectfully dissent from the manner in which the principle is applied here. Both the element of "enterprise" and the element of "pattern of corrupt activity" must be proven by the state beyond a reasonable doubt for a conviction under R.C. 2923.32(A)(1). But when the majority concludes that "the state is not required to prove that *the defendants were associated with* an organization having an existence as an entity or structure separate and distinct from the pattern of activity," it goes too far and annihilates the element of enterprise. (Emphasis added.) Majority opinion at ¶ 7.

{¶ 24} At the very least, the majority opinion reduces the element of enterprise to the idea of an association-in-fact, or " 'a continuing unit that functions with a common purpose,' " quoting *Boyle v. United States*, 556 U.S. 938, 948, 129 S.Ct. 2237, 173 L.Ed.2d 1265 (2009). That view of the term "enterprise" waters the concept down to mean two or more people acting together to commit the same crime. Yet "[t]he obvious intent of the General Assembly in enacting the RICO statutes was to reduce the influence and power of organized crime in the state." *State v. Stevens*, 139 Ohio St.3d 247, 2014-Ohio-1932, 11 N.E.3d 252, ¶ 16. It is not enough for a defendant to simply act in concert with someone or be involved with a pattern of corrupt activity. As the court of appeals stated:

> The evidence in the record establishes that Beverly and Imber were acting in concert when they engaged in the crime spree leading to these charges. But there is no evidence in the record that Beverly and Imber were involved in any type of ongoing organization, functioning as a continuing unit, with a structure

separate and apart from the pattern of corrupt activity. At best, the evidence establishes that Beverly and Imber's actions were disorganized and chaotic in the commission of the burglaries and thefts.

2013-Ohio-1365, at ¶ 31.

{¶ 25} The majority focuses here on the evidence relating to the "pattern" of crime by Beverly and Brandon Imber—stealing or receiving stolen vehicles outside of Clark County and breaking into homes and stealing valuables. I agree that the pattern of corrupt activity was established but do not see how Beverly and Imber were involved in any type of ongoing organization, functioning as a continuing unit with a common purpose.

{¶ 26} I would also hold that inadequate instructions were given on the element of enterprise based on the reasons stated in my dissent in *State v. Griffin*, ___ Ohio St.3d ___, 2014-Ohio-4767, ___ N.E.3d ___, ¶ 20 (Lanzinger, J., dissenting). The term "enterprise" could have been clarified using language in *Boyle,* 556 U.S. at 945-946, 129 S.Ct. 2237, 173 L.Ed.2d 1265 (an enterprise requires a showing of at least three structural features: (1) purpose, (2) relationships among those associated with the enterprise, and (3) sufficient longevity to permit the associates to pursue the purpose), or in *United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981) (an enterprise is "proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit").

{¶ 27} While it is true that evidence may prove more than one element beyond a reasonable doubt, each element must be considered independently. Here Beverly and Imber committed crimes together, but the state did not prove an enterprise.

O'NEILL, J., concurs in the foregoing opinion.

12

_____

Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, and Michael J. Hendershot, Chief Deputy Solicitor; and D. Andrew Wilson, Clark County Prosecuting Attorney, and Andrew R. Picek, Assistant Prosecuting Attorney, for appellant.

Marshall G. Lachman, for appellee.

_____