[Cite as *State v. Ouyang*, 2016-Ohio-5103.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 15CA35 |
| vs. | : | |
| LI OUYANG, | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| Defendant-Appellant. | : | |

_____

<u>APPEARANCES:</u>

Timothy Young, Ohio Public Defender, and Allen Vender, Ohio Assistant Public Defender, Columbus, Ohio

Lisa A. Eliason, Athens City Law Director, and Tracy W. Meek, Assistant City Law Director, Athens, Ohio

_____
CRIMINAL APPEAL FROM MUNICIPAL COURT
DATE JOURNALIZED:7-15-16

ABELE, J.

{¶ 1} This is an appeal from an Athens County Municipal Court judgment of conviction and sentence. A jury found Li Ouyang, defendant below and appellant herein, guilty of trespass in violation of R.C. 2911.21(A). Appellant assigns the following errors for review:

> FIRST ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT VIOLATED LI OUYANG'S RIGHT TO DUE PROCESS AND A FAIR TRIAL WHEN IT ENTERED A JUDGMENT OF CONVICTION FOR CRIMINAL TRESPASS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT VIOLATED LI OUYANG'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN, IN THE ABSENCE OF SUFFICIENT EVIDENCE, IT ENTERED A JUDGMENT OF CONVICTION FOR CRIMINAL TRESPASS."

{¶ 2} Appellant is from China and is a Psychology PhD. candidate at the University of Missouri. After finishing course work, she moved to Athens to be with her fiancé (a professor at Ohio University) while she completed her dissertation. Apparently, the couple broke up following a domestic violence incident that resulted in appellant's hospitalization. Also, some indication exists in the record that appellant had been recently evicted. At sentencing, appellant also informed the court that she suffers from gastritis, anxiety, depression and eats one meal every two days.

{¶ 3} Around the time of the 2015 Ohio University commencement, several university employees noticed that appellant spent entire days in a project room at the Academic Research Center (ARC). After being observed sleeping in several places throughout the building, concerns arose that she was actually living in the building. On July 2, 2015, Luanne Bowman, Chief Administrative Officer for the College of Engineering, along with two Ohio University police officers, confronted appellant.[1] Once they determined that appellant had no affiliation whatsoever with the university as a student, faculty or staff member, she was informed that she had to leave the building.

{¶ 4} Appellant reluctantly packed up her belongings and left, but was seen in ARC a short time later. Bowman found appellant near vending machines in ARC and told her, once

---

[1] This confrontation took place in a project room described as being filled with a large number of books, journal articles and appellant's personal effects.

again, that she had to leave the building.   If not, she could be subject to arrest.

{¶ 5} Appellant then sent e-mails to several university faculty, including Dean of the College of Engineering Richard Irwin, and sought permission to use the building.   Dean Irwin did not respond for several days, but later returned her e-mail, along with an attached letter, and informed appellant that (1) she could not use the building, (2) she could not store personal belongings in ARC, and (3) she had to remove her belongings by 5 PM that day.[2]

{¶ 6} After the 5 PM deadline, a member of the custodial staff again observed appellant in the building.   University police were called and arrested appellant.   The following day, appellant was again observed walking into ARC.   Police were again called, but could not find appellant in the building.

{¶ 7} A July 9, 2015 criminal complaint was filed that charged appellant with trespassing. She pled not guilty and opted to represent herself.   At her jury trial, a number of university faculty and staff testified concerning these events.   In her own defense appellant called Karen Coschigano, an associate professor at the university, who testified that she unlocked the door to a room for appellant to use on the evening July 2, 2015.   Alie Guo, an assistant professor at the university, also testified that he opened a door for appellant on July 6, 2015.   Appellant's theory of the case is that, due to these professors unlocking doors for her and allowing her to study in those rooms, she had permission to be in ARC and could not have trespassed.

{¶ 8} After hearing all the evidence and after a one-half hour period of deliberation, the jury returned a guilty verdict.   The trial court thereupon imposed a suspended thirty day jail

---

[2] On July 6, 2015, appellant's suitcase was found hidden behind a large air-duct.

sentence and ordered appellant to stay away from Ohio University property. This appeal followed.

I

{¶ 9} We will consider the assignments of error in reverse order. In her second assignment of error, appellant asserts that insufficient evidence supports the jury's verdict.

{¶ 10} When an appellate court reviews the sufficiency of the evidence, the inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997); *State v. Jenks*, 61 Ohio St.3d 259, 273, 574 N.E.2d 492 (1991). The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all of the essential elements of the offense beyond a reasonable doubt. *Jenks*, supra at 273; *State v. Issa*, 93 Ohio St.3d 49, 66, 752 N.E.2d 904 (2001). Reviewing courts are not to assess "whether the state's evidence is to be believed, but whether, if believed, then the evidence against a defendant would support a conviction." *Thompkins*, 78 Ohio St.3d at 390, (Cook, J., concurring).

{¶ 11} With these principles in mind, we note that R.C. 2911.21 states in pertinent part:

"(A) No person, without privilege to do so, shall do any of the following:

*                          *                          *

(2) Knowingly enter or remain on the land or premises of another, the use of which is lawfully restricted to certain persons, purposes, modes, or hours, when the offender knows the offender is in violation of any such restriction or is reckless in that regard[.]"

After our review of the entire record, we readily conclude that sufficient evidence was adduced at

trial to prove each element of this offense. On July 2, 2015, Luanne Bowman and the campus police informed appellant that she could no longer be in ARC. She left, but returned later that day. Bowman once again approached appellant and told her that she could not be in the building. Shawn Osterman, Associate Dean for Research, met with appellant the same day and informed her that she could not stay in the building "regardless of whose permission [she] got."

{¶ 12} On July 7, 2015, the College of Engineering also sent appellant an e-mail along with an attached letter that reiterated that appellant could not be in the building and had to remove all of her personal possessions by 5 PM that evening. Nevertheless, a custodian and the arresting police officer testified that appellant was observed inside the building after the deadline. This is sufficient evidence for the jury to find her guilty of the offense.

{¶ 13} Appellant does not actually challenge any of the foregoing evidence, but instead points to the testimony of Professors Coschigano and Guo who stated that although they knew that appellant had no affiliation with the university, they unlocked doors for her in ARC so that she could study. This, appellant concludes, gave her a "privilege" to be in the building and, thus, she could not have trespassed. In support of her theory, appellant cites *Columbus v. Parks*, 10th Dist. Franklin No. 10AP-574, 2011-Ohio-2164, in which the Franklin County Court of Appeals reversed a trial court judgment and found that the accused had a "privilege" to be in an apartment complex when invited by a tenant, despite having the property owner's security force issue a trespass warning. We believe, however, that her reliance on this case is misplaced.

{¶ 14} The rationale for the *Parks* ruling is as follows:

"Although the parties stipulated that Officer Rogers, as an agent of the property owner, had previously given Parks notice that he was not permitted on the premises, prior warnings by an owner of rental property, or the owner's agent, do

not preclude a finding of privilege. Ohio courts have held that an individual invited onto rental property by a tenant cannot be guilty of trespassing on the owner's premises even if the owner expressly instructed the individual not to come onto the property. See Hermann; Hites ("an owner of an apartment complex cannot prohibit guests, invited by the tenant, from being present on the property"). These holdings stem from the rationale that trespass is an invasion of the possessory interest in property, which a property owner sacrifices to a tenant, rather than an invasion of title."

The outcome in *Parks* was as much dictated by the law of property, specifically landlord-tenant law, as the law of trespass. There is no analogous relationship here. In fact, the situation here is more analogous to that of a child being told "no" by one parent and then going to the other parent hoping to hear "yes," but not telling second parent what the first had said. Indeed, although Professors Coschigano and Guo were aware that appellant was not affiliated with the university in any way, she did not bother to share with them the fact that several people told her to leave ARC. In particular, Guo testified that he would not have opened a room for appellant if he had known that she had been banned from the building.

{¶ 15} We also hasten to add that Professor Coschigano opened a room for appellant on July 2nd and Professor Guo unlocked a door for appellant on July 6th. Both of these events pre-date Dean Irwin's July 7th e-mail and letter that explicitly stated that appellant could no longer use the building and that all her personal possessions had to be removed from ARC by 5 PM that day. Whatever privilege appellant may have arguably imagined that she had conveyed to her by Professors Coschigano and Guo, she was nevertheless put on notice by Dean Irwin that it had been revoked.

{¶ 16} For these reasons, we find no merit to appellant's second assignment of error and it is hereby overruled.

II

{¶ 17} We now turn to appellant's first assignment of error wherein she asserts that her conviction is against the manifest weight of the evidence. Here again, the crux of appellant's argument is that although the College of Engineering told her to leave the building, two College of Medicine faculty members gave her permission. We, however, reject this argument for the same reasons that we discussed under her second assignment of error.

{¶ 18} Here, the evidence reveals that the two professors from the College of Medicine (Coschigano and Guo) were not aware that their Engineering colleagues had informed appellant that she could not use, or be located in, the building. Bowman and campus police had already informed appellant that she could not be in the building and would be subject to arrest if she returned. More importantly, Dean Irwin sent appellant an e-mail and letter that very clearly stated that she could not be in ARC.

{¶ 19} In considering a claim that a conviction is against the manifest weight of the evidence, appellate courts will review the record, weigh the evidence, as well as all reasonable inferences to be taken therefrom, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Beverly*, 143 Ohio St.3d 258, 2015-Ohio-219, 37 N.E.3d 116, ¶17; *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶119.

{¶ 20} We are very sympathetic concerning the events that have apparently transpired in appellant's personal life. We are also aware that English is not her native language, and could have caused some degree of difficulty during the trial court proceedings. Nevertheless, we find no manifest miscarriage of justice in this case. Our review of the record indicates that ample

competent, credible evidence was adduced during the trial that supports the conclusion that appellant committed the trespass violation. Appellant was repeatedly told that she could not be in ARC, but she refused to accept and abide by that directive.

{¶ 21} Accordingly, we hereby overrule appellant's first assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Hoover, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.

**[Cite as *State v. Ouyang*, 2016-Ohio-5103.]**