HALL, P.J.
*654 {¶ 1} This matter comes before us on an App.R. 26(B) application for reopening filed by defendant-appellant Jordan Beverly.
{¶ 2} Beverly seeks to reopen his direct appeal from his resentencing on charges of engaging in a pattern of corrupt activity, burglary (eight counts), attempted burglary (two counts), receiving stolen property (five counts), having weapons while under disability, and fleeing and eluding. After his conviction and original sentence, in Beverly's first direct appeal we vacated his conviction for Engaging in a Pattern of Corrupt Activity, ordered that the Receiving Stolen Property of a firearm merged with the Having Weapons Under Disability conviction and we remanded for re-sentencing. State v. Beverly , 2d Dist. Clark No. 2011 CA 64, 2013-Ohio-1365, 2013 WL 1390414. The state appealed. The Ohio Supreme Court reversed that part of our judgment which vacated the Engaging in a Pattern of Corrupt Activity conviction and remanded for resentencing. State v. Beverly , 143 Ohio St.3d 258, 2015-Ohio-219, 37 N.E.3d 116.
{¶ 3} We resolved the direct appeal from the re-sentencing in a December 9, 2016 opinion, State v. Beverly , 2016-Ohio-8078, 75 N.E.3d 847 by overruling two assignments of error challenging Beverly's new aggregate 50-year prison sentence. The matter is now before us on his application for reopening that decision. Beverly alleges four instances of ineffective assistance of appellate counsel. Specifically, he contends his appellate counsel provided ineffective assistance by failing (1) to challenge his resentencing on counts for which he already had completed his sentence, (2) to raise an error in his PSI report involving his criminal history, (3) to alert us to a pertinent "trial tax" case pending in the Ohio Supreme Court, and (4) to argue that the RICO count in his indictment was defective with regard to an alleged "pattern" of corrupt activity.[1]
{¶ 4} Under App.R. 26(B)(5), "[a]n application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." In other words, a defendant must establish a genuine issue as to whether appellate counsel's performance fell below an objective standard of reasonable representation and whether prejudice resulted. State v. Were , 120 Ohio St.3d 85, 2008-Ohio-5277, 896 N.E.2d 699, ¶ 10.
{¶ 5} With regard to Beverly's first proposed assignment of error about appellate counsel failing to challenge his resentencing on counts for which he already had completed his sentence, he has met the foregoing standard. Beverly notes that his initial sentencing occurred in August 2011, when he received an aggregate 66.5-year prison term consisting of assorted concurrent and consecutive sentences. Specifically, the trial court imposed consecutive *655 terms totaling 66.5 years on 13 counts (1, 9, 10, 12, 13, 14, 15, 18, 21, 22, 23, 24, 25). It then imposed prison terms on six other counts totaling 8.5 years (2, 3, 5, 11, 16, 17, and 19). It made those six sentences consecutive to each other but concurrent to the 66.5-year term imposed on the 13 consecutive counts. The end result was an aggregate 66.5-year prison term, but the second set of 6 would be running at the same time as the first set of 13 counts which included 10 years for Count 1, the corrupt activity charge which is the only felony of the first degree. In June 2015, following a reversal and remand for resentencing, the trial court imposed entirely consecutive prison terms totaling 50 years. By the time of his resentencing, Beverly calculates that he already had served four years, four months, and 17 days of his sentence. That being so, he contends the trial court lacked jurisdiction to alter his sentence, from concurrent terms to consecutive terms, for any counts on which he already had completed his sentence prior to resentencing. Specifically, he argues that he "had completed his terms for count 2 (RSP: 18-months), count 3 (RSP: 12-months), and count 5 (RSP: 18-months)-or 48-months-and was working on his term for count 11 (RSP: 18-months) when he was resentenced." (Application for Reopening at 4). Beverly asserts that the trial court unlawfully extended his sentence on the wholly-served counts (counts 2, 3, and 5) by making them consecutive to all others at resentencing.
{¶ 6} Beverly's argument depends, in large part, on the order in which he served his sentences. The Fourth District Court of Appeals addressed this issue in State v. Mockbee , 4th Dist. Scioto No. 14CA3601, 2015-Ohio-3469, 2015 WL 5031768. In Mockbee , the defendant received concurrent and consecutive sentences at his initial sentencing. Following a reversal and remand for resentencing, the trial court imposed entirely consecutive sentences. Id . at ¶ 4-9. The Fourth District initially affirmed but later allowed the defendant to re-open his appeal to raise the same issue that Beverly raises here, to wit: whether the trial court erred by changing sentences from concurrent to consecutive where the defendant had completed them prior to resentencing. Id . at ¶ 10-13. The Fourth District relied primarily on State v. Holdcroft , 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, which involved an attempt to impose post-release control where the defendant already had completed his prison term for the offense but still remained in prison for other offenses. The Fourth District also cited this court's opinion in State v. Powell , 2d Dist. Montgomery No. 24433, 2014-Ohio-3842, 2014 WL 4384146, which addressed the order of service for consecutive sentences and construed ambiguity in favor of the defendant. In particular, the Mockbee court reasoned:
At the time Mockbee was resentenced, his original sentences for Counts 8, 9, and 10 were for 18 months or less, and they were ordered to be served concurrently to each other and to his Count 12 conviction. In addition, Mockbee's original sentences for Counts 4 and 7 were also less than 18 months, but they were ordered to be served consecutively to each other for an aggregate term of 30 months-and concurrent to the other counts-including Counts 8, 9, 10, and 12.
"[W]hen a defendant is sentenced to concurrent terms, * * * the sentences are served simultaneously." State v. Fugate , 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 22. By the time he was resentenced, Mockbee had already served his original sentences for his convictions on Counts 8, 9, and 10, which had been ordered to be served concurrently to each other and to his convictions *656 on Counts 4, 7, and 12. Therefore, the trial court lacked jurisdiction to resentence him on Counts 8, 9, and 10 and to order that they be served consecutively to each other because his original sentences for those convictions had already been served. Holdcraft [sic], 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 19.
For Counts 4 (12 months) and 7 (18 months), which the trial court ordered to be served consecutively in its original sentencing entry, the aggregate 30-month term had not expired at resentencing. In Holdcraft , the court held that for consecutive sentences, the defendant served the lengthier sentence first (i.e., Holdcraft served his ten-year sentence for aggravated arson before his five-year sentence for arson). See also State v. Powell , 2d Dist. Montgomery No. 24433, 2014-Ohio-3842 [2014 WL 4384146], ¶ 28 (noting the general absence of authority for the order in which a defendant serves his or her sentences when consecutive sentences are imposed on multiple counts, but observing that the court should construe any ambiguity in sentencing entry in favor of the defendant). The state relies on Ohio Adm.Code 5120-2-03.1(F) to argue that Counts 4 and 7 are treated as an aggregate 30-month sentence so that Mockbee had not served his sentence for either of them at resentencing. However, that provision specifies only the aggregate sentence to be served when consecutive sentences are imposed; it does not specify a rule as to which of the individual sentences ordered to be served consecutive to each other is served first. Applying Holdcraft here, Mockbee served his original 18-month sentence for Count 7 first and that sentence expired by the time the trial court resentenced him. Therefore, the trial court lacked authority to resentence Mockbee on that count as well.
Consequently, we conclude that the trial court erred by resentencing Mockbee on Counts 7, 8, 9, and 10 because his original sentences for those convictions had been completely served by him by that time. Because resentencing on these convictions was clearly and convincingly contrary to law, we sustain Mockbee's sole assignment of error on reopening.
Mockbee at ¶ 31-34.
{¶ 7} In the present case, Beverly similarly reasons that he had completed two 18-month prison terms for receiving stolen property (counts 2 and 5) and a 12-month prison term for receiving stolen property (count 3) prior to the resentencing at which the trial court ordered these sentences to be served consecutively to all others.[2] Beverly contends the trial court lacked authority to make this change. Although the State disagrees with his argument, we do find a "genuine issue" as to whether he was deprived of the effective assistance of counsel. For present purposes, we need not resolve Beverly's argument definitively. Based on Mockbee , we see a genuine issue as to whether appellate counsel provided prejudicially deficient representation by failing to challenge his resentencing on counts for which he at least potentially already had completed his sentence. Accordingly, Beverly's application for reopening will be granted as to his first proposed assignment of error.
*657 {¶ 8} With regard to Beverly's remaining three proposed assignments of error, we see no genuine issue as to whether he was deprived of the effective assistance of appellate counsel. As set forth above, Beverly alleges ineffective assistance based on counsel's failure to raise an error in his PSI report involving his criminal history. In particular, he contends the PSI report incorrectly stated that he had been convicted of burglary in 2005 when, in fact, he was in prison at that time. He argues, therefore, that his aggregate 50-year prison sentence was "premised on a materially false criminal history" in violation of his due-process rights. We see no genuine issue as to whether Beverly's appellate counsel provided ineffective assistance by failing to raise this issue.[3] We would have been limited to plain-error review if Beverly's counsel had raised the issue. See , e.g ., State v. Sexton , 3d Dist. Union No. 14-13-25, 2015-Ohio-934, 2015 WL 1138264, ¶ 81-85 (recognizing that an alleged error in a PSI report concerning a defendant's criminal record is subject to plain-error review on appeal if the issue was not brought to the trial court's attention); State v. Lenigar , 10th Dist. Franklin No. 03AP-53, 2003-Ohio-5493, 2007 WL 1828944, ¶ 20 (applying plain-error review to alleged errors in a PSI report where the defendant failed to object below). We see no potential plain error here.
{¶ 9} At the time of our December 9, 2016 opinion, we were aware of the alleged error about which Beverly now complains. Indeed, the dissenting judge researched Beverly's prior court records in other cases and determined that he, in fact, did not have a 2005 burglary conviction and a resulting six-year prison sentence as stated in the PSI report. Apparently, he was convicted of burglary only in 2003 and received the six-year prison sentence at that time. He was convicted of another offense, harassment by an inmate, while imprisoned in 2005. We see no genuine issue, however, as to whether Beverly was prejudiced by his counsel's failure to raise this error in the PSI report. We reach this conclusion for at least two reasons. First, as we just noted, the dissenting judge in this case sua sponte raised the issue for him. Second, even if we were to reopen the appeal to allow Beverly to raise the issue himself under a plain-error analysis, we still would conclude that the record does not clearly and convincingly fail to support his aggregate 50-year prison sentence.
{¶ 10} Beverly's remaining two grounds for reopening his direct appeal from his resentencing are even less persuasive. He alleges ineffective assistance of appellate counsel based on a failure to advise us of a "trial-tax" case pending in the Ohio Supreme Court when his resentencing appeal was being briefed. This claim lacks merit. Beverly's appellate counsel filed his opening appellate brief in January 2016. The Ohio Supreme Court accepted the case in question, State v. Malik Rahab , for review in March 2016. Appellate counsel thereafter did not file a reply brief in Beverly's resentencing appeal. Appellate counsel had no obligation to do so, however, or to advise us that the Ohio Supreme Court had accepted the Rahab case, which ultimately would not have *658 helped Beverly anyway. The Ohio Supreme Court recently issued an opinion in Rahab , finding no impermissible "trial tax" where a defendant rejected a plea deal that would have resulted in a three-year prison term and then received a six-year prison term after being convicted by a jury. See State v. Rahab , 150 Ohio St.3d 152, 80 N.E.3d 431, 2017-Ohio-1401 (finding no "presumption of vindictiveness" and no clear and convincing evidence of actual vindictiveness). Having reviewed Rahab , we see nothing in it that would have altered our analysis or the conclusions we reached in our December 9, 2016 opinion. Therefore, counsel's failure to mention Rahab provides no basis for reopening Beverly's appeal.
{¶ 11} Finally, Beverly contends his appellate counsel provided ineffective assistance by failing to challenge the adequacy of the "pattern" of corrupt activity allegations in the RICO count of his indictment. Specifically, he claims the "pattern" alleged in the indictment spanned just under 90 days, which was an insufficient time period to support a RICO charge as a matter of law. He argues that this deficiency resulted in the RICO count failing to state an offense and the trial court lacking jurisdiction over it.
{¶ 12} Upon review, we are unpersuaded that the purported defect about which Beverly complains would have deprived the trial court of jurisdiction. The indictment stated an offense because it alleged the existence of a pattern and the other required elements. Additionally, in an earlier appeal in this case, the Ohio Supreme Court reinstated the RICO conviction (which we had reversed), stating: "It is clear to us that the record provides ample support for a rational trier of fact to conclude that Beverly and Imber constituted an association-in-fact enterprise and that they engaged in a pattern of corrupt activity . Indeed, we cannot imagine a trier of fact concluding otherwise." (Emphasis added) State v. Beverly , 143 Ohio St.3d 258, 2015-Ohio-219, 37 N.E.3d 116, ¶ 16. We note too that Beverly's present application for reopening seeks to reopen his direct appeal solely from his resentencing, which had nothing to do with his indictment.[4]
{¶ 13} Based on the reasoning set forth above, Beverly's application for reopening is granted in part and denied in part. The application is granted with respect to his first proposed assignment of error, which challenges his resentencing on counts for which he claims he already had completed his sentence. In all other respects, the application for reopening is denied.
*659 {¶ 14} In accordance with App.R. 26(B)(7), "the case shall proceed as on an initial appeal" limited to Beverly's first proposed assignment of error.
SO ORDERED.
MICHAEL L. TUCKER, Judge

We note that Beverly's application is timely because he filed it on March 8, 2017, which was within 90 days of the journalization of our December 9, 2016 appellate judgment. See App.R. 26(B)(1). Therefore, we reject the State's suggestion that the application is untimely.

Although the trial court originally made the sentences on counts 2, 3, and 5 consecutive to one another, they comprised part of an aggregate 8.5-year term that the trial court originally made concurrent to another set of sentences on 13 other counts. At resentencing, the trial court subsequently imposed consecutive sentences on all counts.

The State contends this claim is barred by res judicata because it could have been raised in a "prior appeal of [Beverly's] resentencing." This is incorrect. When Beverly originally was sentenced, no PSI report was prepared. He later was resentenced, and a PSI report was prepared in conjunction with the resentencing. Beverly appealed from that resentencing, and we resolved the appeal in our December 9, 2016 opinion. Beverly seeks to reopen that appeal to raise the alleged error in the PSI report. There was no other "prior appeal" of any resentencing.

Parenthetically, we also are unpersuaded by Beverly's substantive argument. Relying almost exclusively on federal law, he contends a RICO "pattern" requires continuity of events occurring over at least one year. The language of the Ohio RICO statute under which Beverly was convicted contains no such requirement. Under Ohio law, the events establishing a "pattern" simply must be "not isolated" and "not so closely related to each other and connected in time and place that they constitute a single event." R.C. 2923.31(E). See also State v. Willan , 144 Ohio St.3d 94, 2015-Ohio-1475, 41 N.E.3d 366, ¶ 29-33 (holding that three predicate acts occurring over an eight-month period qualified as a RICO "pattern"); State v. Hicks , 12th Dist. Butler No. CA2002-08-198, 2003-Ohio-7210, 2003 WL 23095414, ¶ 35 (finding a RICO "pattern" based on predicate acts occurring over "at least six months"); State v. Lang , 2d Dist. Miami No. 92-CA-3, 1993 WL 26758, *6 (Feb. 4, 1993) (rejecting the defendant's reliance on H.J., Inc. v. Northwestern Bell Telephone Co ., 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989) -a case cited by Beverly herein-and finding legally sufficient evidence to support a RICO "pattern" under Ohio's statute based on four predicate acts occurring over a three-week period); State v. Christian , 56 N.E.3d 391, 2016-Ohio-516 (2d Dist.) (upholding a RICO conviction that involved predicate acts occurring over a three-month period).