[Cite as *State v. Johnson*, 2024-Ohio-2058.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                 : CASE NO. 23CA11

    v.                                  :

RICHARD JOHNSON,                        : DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                :

_____

APPEARANCES:

Steven H. Eckstein, Washington Courthouse, Ohio, for appellant[1].

Anneka P. Collins, Highland County Prosecuting Attorney, Hillsboro, Ohio, for appellee.

_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:5-22-24
ABELE, J.

{¶1} This is an appeal from a Highland County Common Pleas Court judgment of conviction and sentence. Richard Johnson, defendant below and appellant herein, raises one assignment of error for review:

> "APPELLANT'S CONVICTION FOR ENGAGING IN A
> PATTERN OF CORRUPT ACTIVITY IS AGAINST THE
> MANIFEST WEIGHT OF THE EVIDENCE."

---

[1] Different counsel represented appellant during the trial court proceedings.

{¶2} In June and July 2022, a confidential informant purchased narcotics from appellant. The transactions occurred at appellant's camper, situated on Butters Road. After the second transaction, law enforcement obtained a search warrant that resulted in the seizure of, inter alia, various narcotics, drug paraphernalia, scales, firearms, currency, ledger books with names and numbers and miscellaneous other items. One item of interest is a bag of methamphetamine that weighed 167.08 grams with an approximate value of $16,800. Subsequently, law enforcement searched appellant's vehicle pursuant to a warrant.

{¶3} The Highland County Grand Jury returned a 12-count indictment that charged appellant, along with his girlfriend and co-defendant Kassie Brigner, with engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), a first-degree felony; aggravated trafficking in methamphetamine in violation of R.C. 2925.03(A)(2), a first-degree felony; aggravated possession of methamphetamine in violation of R.C. 2925.11, a first-degree felony; aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), a first-degree felony; aggravated possession of drugs in violation of R.C. 2925.11, a third-degree felony; possession of cocaine in violation of R.C. 2925.11, a fifth-degree felony; receiving stolen property in violation of R.C. 2913.51, a

fourth-degree felony; receiving stolen property in violation of R.C. 2913.51, a first-degree misdemeanor; aggravated possession of methamphetamine in violation of R.C. 2925.11, a fifth-degree felony; aggravated possession of a fentanyl related compound in violation of R.C. 2925.11, a fifth-degree felony; and a forfeiture specification in violation of R.C. 2923.32(B).

{¶4} During appellant's two-day jury trial, the prosecution called nine witnesses to testify, including Ohio Bureau of Criminal Investigation forensic scientist Beth Underwood, stolen property owner Robert Guyton, stolen truck owner Bill Byrd, Sheriff's Deputy Dylan Quenniville, Sheriff's Office Patrol Supervisor Craig Seaman, Task Force Investigator Chris Bowen, Sheriff's Office Detective Sergeant Vincent Antinore, Co-Defendant Kassie Brigner, and Task Force Investigator Randy Sanders.  The prosecution also submitted 188 exhibits.

{¶5} The evidence adduced at trial reveals that on June 6, 2022 a confidential informant, equipped with an audio and video recorder, visited appellant's camper residence and purchased narcotics.  On July 5, 2022, the informant repeated the activity. On July 12, 2022, law enforcement executed a search warrant and recovered stolen property, fentanyl, marijuana, methamphetamine, PCP, cocaine scales, baggies, cash, ledger books, and firearms.  A later search of appellant's vehicle yielded ledger books, scales,

tactical vest, and a locked tool box.

{¶6}  After hearing the evidence, the jury found appellant guilty of all counts.  For sentencing, the trial court merged Counts Two and Three, as well as Counts Four and Five, and reduced Count Four from a third-degree felony to a fifth-degree felony. The prosecution then elected to proceed on Counts Two and Four for sentencing.

{¶7}  After consideration, the trial court sentenced appellant to (1) serve a total 22 year and 9-month minimum prison sentence, to a total 27 year 9-month maximum prison sentence, (2) pay a $20,000 fine, (3) pay costs, and (4) forfeit the property listed in Count Twelve.  This appeal followed.

{¶8}  In his sole assignment of error, appellant asserts that his conviction for engaging in a pattern of corrupt activity is against the manifest weight of the evidence.  In particular, appellant asserts that because the prosecution's case-in-chief to prove the existence of a criminal enterprise rests solely upon appellant' co-defendant, who, in exchange for her testimony received a favorable four-year prison sentence with judicial release after two years, the jury's verdict is against the manifest weight of the evidence.

{¶9}  Appellant sets forth two main points in support of his argument.  First, appellant argues that the testimony of his co-

defendant and former girlfriend, Brigner, should not be deemed to be credible. Appellant points out that, in exchange for her testimony, Brigner received a "sweetheart deal" in her criminal case that resulted in a 59-month prison sentence with a promise of no opposition to judicial release. Furthermore, appellant contends that other factors undercut Brigner's credibility, including her twelve-year addiction to heroin, fentanyl and methamphetamine.

{¶10} Second, appellant claims that the prosecution did not prove that he and Brigner engaged in an enterprise that included both a relationship and continuous activity that functioned with a common purpose. Thus, appellant should be considered a "lone" drug dealer who acted as an individual rather than engaging in a criminal enterprise. Appellant does, however, acknowledge that Brigner testified that she did help appellant to prepare drugs for sale, to sell drugs, and to purchase drugs in bulk, sometimes along with other individuals, to create a supply for re-sale. However, appellant maintains that Brigner's testimony is self-serving, that she fabricated the nature of her involvement and her testimony contained inconsistent and conflicting statements.

{¶11} Appellee disagrees with appellant's argument, however, and asserts that the prosecution did, in fact, prove the existence of an "enterprise." Appellee argues that the evidence adduced at trial, if believed, established that appellant and Brigner worked

together to acquire and distribute narcotics, with a value that exceeded $1000.  Brigner testified that she and appellant acquired drugs in bulk, some for use and some for sale, that she helped appellant prepare drugs for resale and she helped to sell drugs. Thus, appellee reasons, appellant and Brigner engaged in an enterprise to acquire, store, prepare for distribution and to distribute narcotics.

**{¶12}** When an appellate court considers a claim that a conviction is against the manifest weight of the evidence, the court must dutifully examine the entire record, weigh the evidence, and consider witness credibility.  However, the reviewing court must also remember that credibility generally is an issue for the trier of fact to resolve.  *Schroeder, supra*, 2019-Ohio-4136, at ¶ 61; *Dunn* at ¶ 16; *Wickersham* at ¶ 25.  Because the trier of fact sees and hears the witnesses, an appellate court will afford substantial deference to a trier of fact's credibility determinations.  *Schroeder* at ¶ 62.  The jury has the benefit of seeing witnesses testify, observing facial expressions and body language, hearing voice inflections, and discerning qualities such as hesitancy, equivocation, and candor.  *State v. Fell*, 6th Dist. Lucas No. L-10-1162, 2012-Ohio-616, ¶ 14.

**{¶13}** " 'Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to

support one side of the issue rather than the other. It clearly indicates to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." ' " *Wickersham* at ¶ 24, quoting *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 12, quoting *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541, quoting Black's Law Dictionary 1594 (6th Ed.1990).

{¶14} To decide whether the case sub judice is an exceptional case in which the evidence weighs heavily against conviction, this court must review the record, weigh the evidence and all reasonable inferences, and consider witness credibility. *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). An appellate court may reverse a conviction if the trier of fact clearly lost its way in resolving conflicts in the evidence and created a manifest miscarriage of justice. *State v. Benge*, 4th Dist. Adams No. 20CA1112, 2021-Ohio-152, ¶ 28.

{¶15} Ohio's Racketeer Influenced and Corrupt Organizations Act is modeled after the federal RICO Act and Ohio courts generally apply federal case law in Ohio cases. *State v. Beverly*, 143 Ohio St.3d 258, 2015-Ohio-219, 37 N.E.3d 116, ¶ 3. R.C. 2923.32(A)(1)

provides, in relevant part, that [n]o person associated with any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity.  R.C. 2923.31 defines "pattern of corrupt activity" as two or more incidents of corrupt activity, whether or not there has been a prior conviction, related to the affairs of the same enterprise, are not isolated, and not so closely related to each other and connected and in time and place that they constitute a single event.

**{¶16}** To prove a RICO offense, the prosecution must prove that (1) the defendant committed two or more predicate offenses, (2) the defendant was "employed by, or associated with" an "enterprise," and (3) the defendant conducted or participated in the enterprise "through a pattern of corrupt activity." *State v. Miranda*, 138 Ohio St.3d 184, 2014-Ohio-451, 5 N.E.3d 603, ¶ 13, citing R.C. 2923.32(A)(1).  "The intent of RICO is "to criminalize the pattern of criminal activity, not the underlying predicate acts." *Id.*, quoting *State v. Thomas*, 3d Dist. Allen Nos. 1-11-25 and 1-11-26, 2012-Ohio-5577, 2012 WL 6017971, ¶ 61.

**{¶17}** R.C. 2923.31(C) defines "enterprise" to include any legal entity, or any organization, association, or group of persons associated in fact although not a legal entity.  To establish an "association in fact" under R.C. 2923.31(C), there must be a

purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's common purpose. *Boyle v. United States*, 556 U.S. 938, 129 S.Ct. 2237, 173 L.Ed.2d 1265. Although the existence of an "enterprise" is a separate element from the "pattern of corrupt activity" that must be proved beyond a reasonable doubt, an "enterprise" may be inferred from the evidence indicating associates engaged in a pattern of corrupt activity. *Boyle*, 556 U.S. at 938, 129 S.Ct. 2237, 173 L.Ed.2d 1265. The Ohio Supreme Court held that "the existence of an enterprise, sufficient to sustain a conviction for engaging in a pattern of corrupt activity under R.C. 2923.32(A)(1), can be established without proving that the enterprise is a structure separate and distinct from a pattern of corrupt activity." *Beverly*, 143 Ohio St.3d 258, 2015-Ohio-219, 37 N.E.3d 116, at syllabus.

{¶18} Although appellant attacks the credibility of his co-defendant's testimony in light of the very favorable plea agreement that she negotiated with the prosecutor, we first point out that the trial court instructed the jury, pursuant to R.C. 2923.03(D), to cautiously weigh her testimony. In addition, appellant's trial counsel explicitly questioned the motives of the witnesses who received the benefit of the plea agreement. A witness may be questioned about their own charges when the testimony is given in

exchange for promises in a witness's own case.  See *State v. Brooks*, 75 Ohio St.3d 148, 152, 661 N.E.2d 1030 (1996) (a witness' pending charges or plea agreement admissible to demonstrate bias of the witness).

{¶19} Here, the jury heard the testimony and could determine whether to credit all, part, or none of the testimony.  Absent unusual circumstances, appellate courts will generally defer to a jury's credibility assessment.  *See State v. Rodriguez-Baron,* 7th Dist. No. 07-MA-86, 2008-Ohio-4816, ¶ 34 (declining to second-guess jury's determination that co-defendant's testimony credible; jury heard co-defendant explain he testified as part of plea deal and some charges against him dismissed because of cooperation with state); *State v. Royal*, 8th Dist. No. 93903, 2010-Ohio-5235, ¶ 22 (deferring to jury's credibility determination in case where jury knew co-defendant participated in crime and co-defendant received plea deal for cooperation).

{¶20} The fact that the testimony of a co-defendant constituted the primary evidence against appellant does not, standing alone, render appellant's convictions against the manifest weight of the evidence.  *See State v. Berry*, 10th Dist. No. 10AP-1187, 2011-Ohio-6452, ¶ 17-18 (rejecting defendant's manifest weight challenge based on assertion that accomplice not reliable witness; jury aware of accomplice's involvement, willingness to testify against

defendant, and attempt to minimize his role).

**{¶21}** Once again, the trier of fact will determine the appropriate weight to be afforded to the evidence and the credibility of testimony. *State v. Smith*, 2016-Ohio-5062, 70 N.E.3d 150 (4th Dist.), ¶ 103, citing *State v. Frazier*, 73 Ohio St.3d 323, 339, 652 N.E.2d 1000 (1995). Furthermore, a defendant is not entitled to a reversal on manifest weight grounds simply because some inconsistent evidence may exist at trial. *State v. Gunn*, 6th Dist. Lucas No. L-20-1034, 2021-Ohio-2253, ¶ 41, citing *State v. Lowery*, 6th Dist. Lucas No. L-18-1170, 2020-Ohio-5549, ¶ 80, appeal not allowed, 162 Ohio St.3d 1421, 2021-Ohio-1201, 166 N.E.3d 13. (Additional citation omitted.)

**{¶22}** In the case sub judice, the jury received the evidence, evaluated the credibility of the evidence, including Brigner's testimony, presented during the trial and found appellant guilty of the offenses. The jury, in the best position to hear testimony and to assess witness credibility, chose to believe the state's witnesses when it resolved any issues and conflicts in the evidence, including conflicts in appellant's co-defendant's testimony. This is the function of the trier of fact. After our review in the case sub judice, we cannot say the jury lost its way and created a manifest miscarriage of justice.

{¶23} Accordingly, for the foregoing reasons, we overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed.  Appellee shall recover from appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment & Opinion

For the Court

BY:_____
                     Peter B. Abele, Judge


NOTICE TO COUNSEL

   Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.