[Cite as *State v. Shabazz*, 2017-Ohio-2984.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104635**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DERRELL B. SHABAZZ

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-567946-B

**BEFORE:** E.A. Gallagher, P.J., E.T. Gallagher, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** May 25, 2017

**ATTORNEY FOR APPELLANT**

Christopher J. Pagan
Repper, Pagan, and Cook, Ltd.
1501 First Avenue
Middletown, Ohio 45044


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Christopher D. Schroeder
        Frank Romeo Zeleznikar
Assistant Prosecuting Attorneys
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio    44113

EILEEN A. GALLAGHER, P.J.:

**{¶1}** Defendant-appellant Derrell Shabazz appeals from the imposition of consecutive sentences at his resentencing hearing in the Cuyahoga County Court of Common Pleas. We affirm the judgment of the trial court.

**Facts and Procedural Background**

**{¶2}** In 2013 Shabazz was found guilty of aggravated murder, murder and three counts of felonious assault in the shooting death of Antwon Shannon that occurred during a bar fight. Shabazz was also found guilty of one count of felonious assault against a separate victim, Ivor Anderson, and one count of having a weapon while under disability. The trial court merged as allied offenses all of the counts relating to Shannon. The state elected to proceed to sentencing on the aggravated murder count and the trial court imposed a prison term of 20 years to life on the count. The court also sentenced Shabazz to two years in prison for the felonious assault charge against Anderson and nine months in prison for having a weapon while under disability. The sentences for aggravated murder and having a weapon while under disability were ordered to be served concurrently but the two-year term for the assault of Anderson was ordered to be served consecutively to the 20-years-to-life term for the aggravated murder of Shannon.[1]

**{¶3}** Shabazz appealed his convictions to this court in *State v. Shabazz*, 8th Dist. Cuyahoga No. 100021, 2014-Ohio-1828 ("*Shabazz I*"), and we vacated his convictions

---

[1]Pursuant to Ohio Adm. Code 5120-2-03.1(M) the nonmandatory two-year sentence for felonious assault against Anderson was to be served prior to Shabazz's original sentence of 20 years to life on his counts relating to Shannon.

for aggravated murder, murder, having weapons while under disability and two of the three counts of felonious assault against Shannon. We affirmed the remaining convictions for felonious assault against Shannon and his conviction for felonious assault against Anderson and remanded the matter for resentencing on the count of felonious assault against Shannon.

{¶4} On September 24, 2014, the Ohio Supreme Court accepted for review an appeal of our decision. However, on June 24, 2015, the court dismissed the cause as having been improvidently accepted.

{¶5} Pursuant to our remand, the trial court conducted a resentencing hearing on June 7, 2016, and imposed a four-year prison term on the felonious assault count against Shannon. At the state's request, the trial court incorporated the previously affirmed two-year sentence for felonious assault against Anderson into the sentencing entry. The trial court ordered the two sentences be served consecutively.

**Law and Analysis**

**I. Trial Court's Ability to Impose Consecutive Sentences at Resentencing**

{¶6} Shabazz presents two arguments regarding his sentence for felonious assault against Anderson: 1) that the trial court erred in resentencing him on this count and 2) that the trial court was without authority to order the four-year prison term for felonious assault against Shannon to be served consecutively to that count.

{¶7} Shabazz's first argument is plainly without merit. The record reflects that the trial court did not resentence him on the felonious assault charge against Anderson. The trial court explained in detail that the sentence on that count had been affirmed in

*Shabazz I* and was not subject to resentencing. Shabazz confuses the trial court's incorporation of that sentence into the journal entry at the state's request for purposes of clarity with resentencing. He was not resentenced on that count.

{¶8} In his second argument, Shabazz argues that the trial court lacked jurisdiction to order his four-year prison term at resentencing to be served consecutive to his two-year prison term for felonious assault against Anderson because he had completed the two-year prison term during the pendency of his direct appeal and prior to his resentencing. Shabazz's argument is based on the Ohio Supreme Court's decision in *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, wherein it was held that "[a] trial court does not have the authority to resentence a defendant for the purpose of adding a term of postrelease control as a sanction for a particular offense after the defendant has already served the prison term for that offense." Shabazz argues that we should extend the holding in *Holdcroft* to situations where, as here, a prison term is served during the pendency of a direct appeal and bar the imposition of consecutive sentencing as between that count and any other count at a resentencing that occurs after direct appeal.

{¶9} This argument was rejected by the Fifth District Court of Appeals in *State v. Martin-Williams*, 5th Dist. Stark No. 2014CA00086, 2015-Ohio-780. The defendant in *Martin-Williams* was sentenced to five consecutive sentences. On direct appeal Williams successfully argued that the trial court had failed to make the required consecutive sentencing findings under R.C. 2929.14(C)(4) prior to imposing consecutive sentences. The appellate court remanded for resentencing, and as of the date of

Williams's resentencing, the first of her prison terms had been completed. The Fifth District upheld the trial court's re-imposition of consecutive sentences between the completed sentence and Williams's remaining sentences and refused to extend the *Holdcroft* rationale to consecutive sentencing.[2]  *Id*. at ¶ 33-37.

{¶10} In support of his argument, Shabazz cites *State v. Mockbee*, 4th Dist. Scioto No. 14CA3601, 2015-Ohio-3469, for the proposition that *Holdcroft* should be extended to deprive a trial court of jurisdiction to impose consecutive sentences in resentencing situations where one of sentences has been completed.  However, *Mockbee* involved a sentence where the trial court initially imposed concurrent sentences and only upon a remand for resentencing did the court attempt to impose, for the first time, consecutive sentences where one of the originally concurrent sentences had been completed.  The court in *Mockbee* specifically distinguished its holding from that of the Fifth District in *Martin-Williams*, noting that the trial court in *Mockbee* "modified concurrent sentences that had already expired to run them consecutive to each other."  Conversely, *Mockbee* noted that in *Martin-Williams* the sentences were not altered to increase the aggregate prison term in relation to the original sentences.  *Mockbee* at ¶ 30.

{¶11} We find the present case to be akin to the situation presented in *Martin-Williams*.  The trial court initially ordered Shabazz's offenses to be served consecutively.  In fact, Shabazz did not challenge the imposition of consecutive sentences in his direct appeal.  The imposition of a consecutive sentence at Shabazz's

---

[2] The Ohio Supreme Court declined to accept the case for review on July 8, 2015.

resentencing hearing did not increase his aggregate sentence for the counts addressed. In fact, because the felonious assault charge pertaining to Shannon had previously been merged as an allied offense to the aggravated murder count, that count was being addressed for the first time at resentencing.

{¶12} Shabazz now seeks a windfall from the unique situation where a previously merged count for which he had been found guilty needed to be addressed for the first time at a resentencing that, due to the length of the appellate process, did not occur until his two-year prison term for the felonious assault of Anderson had been completed. We decline to extend the holding in *Holdcroft* to such a situation. We find that the consecutive sentencing decision under R.C. 2929.14(C)(4) is sufficiently independent from the individual sentencing concerns addressed in *Holdcroft* to distinguish the two situations.

{¶13} Shabazz's first assignment of error is overruled.

**II. Consecutive Sentence Findings**

{¶14} In his second assignment of error, Shabazz argues that the record clearly and convincingly fails to support the trial court's consecutive sentencing finding regarding proportionality.

{¶15} As this court explained in *State v. Johnson*, 8th Dist. Cuyahoga No. 102449, 2016-Ohio-1536, there are two ways a defendant can challenge consecutive sentences on appeal:

> First, the defendant can argue that consecutive sentences are contrary to law because the court failed to make the necessary findings required by R.C. 2929.14(C)(4). See R.C. 2953.08(G)(2)(b); *State v. Nia*, 8th Dist. Cuyahoga

No. 99387, 2014-Ohio-2527, ¶ 16, 15 N.E.3d 892. Second, the defendant can argue that the record does not support the findings made under R.C. 2929.14(C)(4). See R.C. 2953.08(G)(2)(a); *Nia*.

*Johnson* at ¶ 7.

{¶16} Pursuant to R.C. 2953.08(G)(2)(a), an appellate court may "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if it "clearly and convincingly" finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4).

{¶17} Pursuant to R.C. 2929.14(C)(4), in order to impose consecutive sentences, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender, that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public and that at least one of the following also applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that

consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶18} Shabazz challenges only the proportionality finding, arguing that consecutive sentences were disproportionate to his contribution to the offenses in this case. We disagree. As this court addressed in *Shabazz I*, Shabazz aided and abetted his compatriot in assaulting Shannon and Anderson with a champagne bottle. We explained:

> The video shows that after observing Anderson being hit in the head with a bottle, Shabazz chose to engage in the fight and, in fact, punched Anderson. Shabazz also punched Shannon after observing Walker hit him with a bottle. By joining in on the fight, he showed his encouragement and support of the principal offenders' actions. Thus, we cannot say he was not complicit in committing the two counts of felonious assault with a champagne bottle.

*State v. Shabazz*, 8th Dist. Cuyahoga No. 100021, 2014-Ohio-1828, ¶ 44.

{¶19} We cannot say that the record does not support the trial court's proportionality finding in this instance.

{¶20} Shabazz's second assignment of error is overruled.

{¶21} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common

pleas court to carry the judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
ANITA LASTER MAYS, J., CONCUR