[Cite as *State v. Beverly*, **2018-Ohio-2116.**]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2015-CA-71 |
| | : | |
| v. | : | Trial Court Case No. 11-CR-258 |
| | : | |
| JORDAN BEVERLY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of June, 2018.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, 50 E. Columbia Street, 4th Floor, Springfield, Ohio 45501
        Attorney for Plaintiff-Appellee

CHRISTOPHER J. PAGAN, Atty. Reg. No. 0062751, 1501 First Avenue, Middletown, Ohio 45044
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} This matter comes before us on a reopened direct appeal by defendant Jordan Beverly.

{¶ 2} On July 25, 2017, we sustained Beverly's App.R. 26(B) application for reopening, in part, and permitted him to reopen an appeal from his resentencing on charges of engaging in a pattern of corrupt activity, burglary (eight counts), attempted burglary (two counts), receiving stolen property (five counts), having weapons while under disability, and fleeing and eluding.

{¶ 3} The record reflects that the trial court resentenced Beverly in June 2015 following a partially-successful appeal. On resentencing, the trial court merged two convictions as allied offenses. It then made findings required for consecutive sentences and imposed various prison terms resulting in an aggregate 50-year sentence. Beverly appealed and challenged the length of his aggregate sentence. We overruled his assignments of error and affirmed in *State v. Beverly*, 2016-Ohio-8078, 75 N.E.3d 847 (2d Dist.).

{¶ 4} Beverly then filed his application for reopening, alleging ineffective assistance of appellate counsel for failing to raise four issues. We granted the application as to one of those issues. Specifically, we reopened the appeal to permit Beverly to argue ineffective assistance based on counsel's failure to challenge his resentencing on counts for which he already had completed his sentence. *See State v. Beverly*, 2017-Ohio-7093, 95 N.E.3d 652, ¶ 7 (2d Dist.).

{¶ 5} Beverly now advances two related assignments of error raising the foregoing issue. In the first assignment of error, he contends the trial court erred in resentencing

him on counts two, three, and five, as he already had completed his prison term on those counts. In his second assignment of error, he alleges ineffective assistance of appellate counsel for failing to raise this issue previously.

{¶ 6} Beverly contends he had completed two 18-month prison terms for receiving stolen property (counts two and five) and a 12-month prison term for receiving stolen property (count three) prior to the resentencing at which the trial court ordered these sentences to be served consecutively to all others. Although the trial court originally had made the sentences on counts two, three, and five consecutive to one another, they were part of a multi-count, aggregate 8.5 year term that the trial court originally had made concurrent to another set of sentences on numerous other counts. At resentencing, however, the trial court imposed consecutive sentences on all counts.

{¶ 7} Relying primarily on *State v. Mockbee*, 4th Dist. Scioto No. 14CA3601, 2015-Ohio-3469, Beverly claims the trial court lacked jurisdiction to resentence him on counts two, three, and five because he already had completed his sentence on them. He had served more than four years of his total sentence by the time of resentencing, and the trial court made no determination as to the order in which his sentences were to be served. That being so, he contends we should construe any ambiguity in his favor and conclude that he already had completed his sentences on counts two, three, and five and that the trial court lacked jurisdiction to resentence him on them. For its part, the State concedes error. Based on *Mockbee* and a recent decision by this court in *State v. Christian*, 2017-Ohio-8249, __ N.E.3d __ (2d Dist.), *appeal accepted for review*, 2018-Ohio-1600, the State acknowledges that Beverly had completed his sentence on counts two, three, and five and that the trial court erred in resentencing him on those counts.

{¶ 8} The only dispute between the parties concerns the effect of reversing the trial court's resentencing on counts two, three, and five and reinstating the original sentences on them. The State contends reversing the trial court's resentencing on those counts reduces Beverly's new aggregate sentence by 3.5 years. Beverly disagrees. He argues that undoing the resentencing on the disputed counts results in a four-year sentence reduction.

{¶ 9} As a threshold matter, we agree with the parties that the trial court erred in resentencing Beverly on counts two, three, and five. The trial court originally sentenced him to an aggregate 66.5-year prison term that involved two sentencing tracks. One track consisted of assorted concurrent and consecutive sentences. Specifically, the trial court imposed consecutive terms totaling 66.5 years on 13 counts (counts 1, 9, 10, 12, 13, 14, 15, 18, 21, 22, 23, 24, and 25). In a second track, it then imposed prison terms on other counts totaling 8.5 years (counts 2, 3, 5, 11, 16, and 17). It made those sentences consecutive to each other but concurrent to the 66.5-year term imposed on the counts in the other track. The practical result was an aggregate 66.5-year prison term.

{¶ 10} In June 2015, following a reversal and remand for resentencing, the trial court dispensed with its two-track approach and imposed wholly consecutive prison terms totaling 50 years. By the time of this resentencing, however, Beverly already had served a little more than four years and four months of his total sentence. Under these circumstances, we agree that the trial court lacked jurisdiction to alter his sentence and resentence him for any counts on which he already had completed his prison term prior to resentencing. This includes his prison terms for count two (18 months), count three (12 months), and count five (18 months). Although the trial court did not specify the order in

which Beverly was to serve his sentences, we previously have looked to the order in which a trial court imposed its sentences and also have construed any ambiguity regarding the order of service in a defendant's favor. *State v. Powell*, 2d Dist. Montgomery No. 24433, 2014-Ohio-3842, ¶ 28.

{¶ 11} At Beverly's original sentencing, the trial court began with counts two, three, and five when addressing the sentences on that track. In light of this fact and our practice of construing ambiguity in a defendant's favor, we agree with the parties that Beverly had completed his aggregate four-year term on counts two, three, and five prior to resentencing. This court recently reached the same conclusion on similar facts in *Christian*, *supra*, which discussed and relied on the Fourth District's opinion in *Mockbee*. After determining that the defendant had completed his sentence on certain counts prior to resentencing, we held that the trial court lacked jurisdiction to modify the sentence on those counts when it resentenced the defendant. *Christian* at ¶ 15, 28. We reach the same conclusion here with regard to counts two, three, and five.

{¶ 12} The only remaining question concerns the effect of reversing the trial court's resentencing on counts two, three, and five. On this issue, we are persuaded by the analysis in the State's appellate brief. Beverly's prison terms on resentencing for counts 1, 9, 10, 11, 12, 13, 14, 15, 16, 18, 21, 22, 23, 24, and 25 (as affirmed in *State v. Beverly*, 2016-Ohio-8078, 75 N.E.3d 847 (2d Dist.)) remain unchanged.[1] They run consecutively to each other for an aggregate prison term of 46.5 years. The sentences for counts two, three, and five must remain as originally imposed—consecutive terms of 18 months

---

[1] Although the trial court originally imposed a separate sentence on count 17, it merged count 17 into count 18 on resentencing.

(count two), 12 months (count three), and 18 months (count five) for a total of four years. As originally imposed, those four years were part of an 8.5-year sentence that itself was ordered to be served concurrently with the aggregate 66.5-year term on another group of sentences. Those separate sentencing tracks no longer exist because the trial court now has ordered all sentences to be served consecutively. But because the trial court originally ordered the sentences for counts two, three, and five to be served concurrently with the vast majority of Beverly's other sentences, we believe he is entitled to serve the sentences on counts two, three, and five concurrently with all of the other reconfigured sentences. For its part, the State does not appear to disagree with this resolution. The result is that Beverly's new sentence properly consists of an aggregate term of 46.5 years on counts 1, 9, 10, 11, 12, 13, 14, 15, 16, 18, 21, 22, 23, 24, and 25 and an additional aggregate term of four years on counts two, three, and five to be served concurrently with the 46.5-year term. The net effect of our ruling is a cumulative aggregate prison term of 46.5 years on all counts.

{¶ 13} For his part, Beverly acknowledges in his reply brief that the original sentences on counts two, three, and five must be restored, resulting in an aggregate four-year term on those counts. He argues that those four years simply should be subtracted from the trial court's aggregate 50-year term on resentencing, producing a new aggregate prison term of 46 years. We disagree. Removing counts two, three, and five from the trial court's aggregate sentence on resentencing leaves a total term of 46.5 years, not 46 years. This is so because the trial court sentenced Beverly to a cumulative term of 3.5 years in prison on counts two, three, and five on resentencing. In its original sentencing, however, the trial court had imposed a cumulative term of four years on those counts.

Therefore, removing counts two, three, and five from the trial court's resentencing leaves an aggregate term of 46.5 years. Beverly's original four-year term on counts two, three, and five then must be reinstated but ordered to be served concurrently with the 46.5-year sentence on the other counts. Once again, as explained above, the end result is that Beverly's total aggregate sentence on all counts now stands at 46.5 years rather than the 50 years the trial court imposed on resentencing.

{¶ 14} For the foregoing reasons, we sustain Beverly's two assignments of error insofar as he contends his appellate counsel provided ineffective assistance by not objecting to his resentencing on counts two, three, and five. The trial court lacked authority to resentence Beverly on those counts because he already had completed his sentence on them.

{¶ 15} The trial court's judgment entry resentencing Beverly to an aggregate 50-year prison term is reversed, and the cause is remanded for the trial court to modify Beverly's sentence in accordance with the analysis set forth above and to impose an aggregate 46.5-year prison term.

. . . . . . . . . . . .

TUCKER, J., concurs.

DONOVAN, J., concurring:

{¶ 16} I agree with the majority that Beverly was deprived of the effective assistance of counsel by failure to challenge counts for which he had completed his sentence. Hence, his sentence should be reduced by three and a half years. However, I believe, consistent with my original dissent that counsel should have raised the error in

criminal history in the PSI and its impact on a 50-year sentence, which I concluded by clear and convincing evidence was not supported by the record. Thus, I would have allowed reopening on this issue as well.

{¶ 17} Further, I would have permitted Beverly to reopen for briefing the "trial tax" issue, as articulated in my original dissent, and as "questioned" by this court in *Beverly* I.

{¶ 18} In conclusion, I would have granted re-opening on the "trial tax" and "PSI" issue as well.

Copies mailed to:

Andrew P. Pickering
Christopher J. Pagan
Hon. Douglas M. Rastatter