[Cite as *State v. Herron*, 2019-Ohio-4180.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27910 |
| | : | |
| v. | : | Trial Court Case No. 2002-CR-3261 |
| | : | |
| JASON MARK HERRON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of October, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by SARAH E. HUTNIK, Atty. Reg. No. 0095900, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

PAUL E. WAGNER, Atty. Reg. No. 0067647, 507 South Broadway, Greenville, Ohio 45331
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Jason Herron appeals from an amended judgment entry resentencing him to specific terms of post-release control, which corrected an original judgment entry stating that he "will/may serve a period of post-release control." The state concedes that the trial court erroneously imposed post-release control for an offense for which Herron had completed his prison term, and we agree. We vacate the portion of the amended judgment entry imposing post-release control for felonious assault, and we remand to the trial court for the filing of a corrected judgment entry.

## I. Facts and Procedural History

{¶ 2} In 2003, Herron was convicted on charges of murder, felonious assault, improper discharge of a firearm into a habitation, having a weapon while under disability, and two firearm specifications. The trial court imposed an aggregate sentence of 38 years to life in prison. This court affirmed on direct appeal in *State v. Herron*, 2d Dist. Montgomery No. 19894, 2004-Ohio-773.

{¶ 3} In September 2017, Herron filed a pro se motion for correction of sentence and motion for resentencing. He argued that the trial court had failed to impose post-release control (PRC) properly in connection with his original sentencing. In February 2018, the trial court held a video hearing on the PRC issue. At the hearing, the trial court advised Herron that he was subject to five years of mandatory PRC for felonious assault, three years of mandatory PRC for improper discharge of a firearm into a habitation, and three years of discretionary PRC for having a weapon while under disability. The court advised him that PRC did not apply to his murder conviction, an unclassified offense subject to parole. The trial court journalized Herron's PRC obligations in an amended termination entry that repeated his original sentence and listed the applicable PRC. The

term of PRC listed for the felonious-assault offense was correctly stated as a mandatory period of three years, not five years as the trial court had stated at the resentencing hearing.

{¶ 4} Herron appealed from the amended judgment entry of conviction. His appointed appellate counsel filed an *Anders* brief asserting an inability to find any meritorious issue to present for review. Our independent review of the record uncovered a non-frivolous issue as to whether the trial court erroneously imposed PRC for an offense for which Herron had already completed his prison term. As such, we set aside the *Anders* brief and appointed new counsel. We did not limit review to the PRC issue but instructed new counsel to review the entire record and raise any issue(s) that counsel believed had arguable merit.

## II. Analysis

{¶ 5} Herron assigns five errors to the trial court.

### A. Post-release control

{¶ 6} The first and second assignments of error allege:

During the hearing on the PRC, Appellant Was Told Improperly by the Trial Court He was subject to Five Years of PRC as Opposed to the Three Years Required by ORC 2967.28.

The Trial Court Erroneously Imposed PRC For One or More Offenses On Which Appellant Already Had Completed His Prison Term.

{¶ 7} The state concedes error on the first two assignments of error. It agrees that the trial court incorrectly told Herron at the resentencing hearing that he was subject to five years of mandatory PRC for felonious assault. The state also agrees that the trial

court lacked the authority to impose PRC for felonious assault because Herron had already completed the sentence for that offense. We agree in both respects.

{¶ 8} In its original judgment entry of conviction, the trial court imposed consecutive prison terms of eight years for felonious assault, eight years for improper discharge of a firearm into a habitation, one year for having a weapon while under disability, and fifteen years to life for murder. It also imposed consecutive three-year prison terms on the two firearm specifications. The aggregate six-year term for the firearm specifications was ordered to be served before all definite terms of imprisonment. Herron also received 188 days of jail-time credit.

{¶ 9} The judgment entry ordered the six-year term for the firearm specifications to be served before the definite prison terms, so Herron would have finished serving that term, reduced by the jail-time credit, in late 2008. The judgment entry said nothing about the order in which Herron was to serve the remaining prison sentences and the record did not identify which of the remaining sentences was to be served next. We have said that, "absent any additional direction from the trial court," it is reasonable to conclude that sentences are to be served in the order set forth in the termination entry. *State v. Christian*, 2017-Ohio-8249, 99 N.E.3d 887, ¶ 15 (2d Dist.); *see also State v. Beverly*, 2d Dist. Clark No. 2015-CA-71, 2018-Ohio-2116, ¶ 10, citing *State v. Powell*, 2d Dist. Montgomery No. 24433, 2014-Ohio-3842, ¶ 28 ("we previously have looked to the order in which a trial court imposed its sentences and also have construed any ambiguity regarding the order of service in a defendant's favor"). Here, the felonious-assault sentence was next in the judgment entry's order of sentences, and Herron would have completed the eight-year sentence for that offense in late 2016.

{¶ 10} "[A] trial court cannot impose post-release control when a defendant already has completed his sentence for a particular offense, regardless of whether he remains in prison for other offenses." *State v. Singleton*, 2d Dist. Montgomery No. 27329, 2017-Ohio-7265, ¶ 8, fn. 2, citing *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 19. By the time Herron was resentenced in 2018, he had completed the sentence for felonious assault. Therefore the trial court erred by imposing PRC for that offense.

{¶ 11} We note that this is likely an academic issue. "If an offender is subject to multiple periods of post-release control, they are served concurrently and 'the period of post-release control for all of the sentences shall be the period of post-release control that expires last.' " *State v. Perkins*, 2d. Dist. Montgomery No. 27323, 2017-Ohio-7940, ¶ 10, quoting R.C. 2967.28(F)(4)(c). Herron will serve three years of mandatory PRC for the improper-discharge offense. He would have served the three years of PRC for felonious assault concurrently.

{¶ 12} We agree with the state that the remedy here is to vacate the PRC sanction for the already-served felonious assault count.. *See State v. Ford*, 2d Dist. Montgomery No. 25796, 2014-Ohio-1859, ¶ 21 (concluding that the trial court lacked authority to impose PRC for aggravated robbery because the defendant had already completed the sentence).

{¶ 13} The first and second assignments of error are sustained.

### B. The other assignments of error

{¶ 14} The third, fourth, and fifth assignments of error allege:

[The Trial Court] Erred In Conducting the Sentencing Through Video Conference.

The Court did not allow the Defendant to Finish his Allocution Statement.

Defendant Did not have Effective Assistance of Counsel.

**{¶ 15}** In light of our conclusion that PRC for felonious assault must be vacated, each of the remaining assignments of error raises only harmless error. In the third assignment of error, Herron argues that the trial court violated Crim.R. 43 by resentencing him via a video hearing because he did not waive his right to be physically present for the hearing and did not consent to appear at the hearing by way of video. The state concedes this error but argues that it was harmless. We agree. The only prejudice that Herron suggests is the erroneous imposition of PRC for felonious assault. That error has now been corrected. In the fourth assignment of error, Herron argues that at the resentencing hearing the trial court did not allow him to finish reading a written statement that he had prepared. Again, the only prejudice that Herron identifies is the now-corrected erroneous imposition of PRC. Lastly, in the fifth assignment of error, Herron argues that trial counsel was ineffective for failing to object to the erroneous imposition of PRC and that initial appellate counsel was ineffective for failing to raise the fact that PRC sanctions were missing from the original judgment entry of conviction. Even assuming deficient conduct, because the PRC has been corrected, Herron has not been prejudiced.

**{¶ 16}** The third, fourth, and fifth assignments of error are overruled.

### III. Conclusion

**{¶ 17}** The trial court's judgment is vacated insofar as it imposed PRC for felonious assault, an offense for which Herron had already served his sentence. In all other respects, the trial court's judgment is affirmed. This matter is remanded for the trial court to file a corrected judgment entry of conviction.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.


Copies sent to:

Mathias H. Heck
Sarah E. Hutnik
Paul W. Wagner
Hon. Mary L. Wiseman